# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:10cv8

| | |
|---|---|
| BETTY MADEWELL; and EDWARD L. MADEWELL, <br><br> Plaintiffs, <br><br> Vs. <br><br> HARRAH'S CHEROKEE SMOKEY MOUNTAINS CASINO; TRIBAL CASINO GAMING ENTERPRISE; HARRAH'S NC CASINO CO., LLC; and THE EASTERN BAND OF CHEROKEE INDIANS, <br><br> Defendants. | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the court on defendants' Motion to Dismiss and Motion to Stay or Remove (#10). Such motions were supported by defendants' Memorandum in Support of Their Motions (#11), which was filed the same day. As reflected upon the docket, plaintiffs' response to such motion was due to de filed not later than April 22, 2010. See L.Cv.R. 7.1(E). Such deadline has passed with no response having been filed. Plaintiffs are represented by attorney who is admitted to practice before the Bar of this court. See Docket Entry #2. While such failure normally results in summary dismissal, the court will briefly review the supporting brief to discern whether the motion is supported by current case law and sound reasons.

**FINDINGS AND CONCLUSIONS**

**Factual Background**

In this diversity action, plaintiffs contend that on February 26, 2007,[1] plaintiff Betty Madewell tripped and fell after her shoe struck unsecured carpeting during a visit to Harrah's Cherokee Casino. Compl., at ¶ 32. She has alleged permanent injuries as well as pain and suffering and medical expenses, all totaling more than $75,000.00, Compl., at ¶¶ 34, 35, & 42, and plaintiff Edward L. Madewell has alleged losses of in excess of $75,000.00. Compl., at ¶ 43, based on a claim of loss of consortium. Compl., at ¶ 41. Plaintiffs are residents of Tennessee. Compl., at ¶ 1.[2]

**I.  Rule 12(b)(4): Harrah's Cherokee Mountains Casino's Motion to Dismiss Based on Failure to Name an Extant Party**

Defendant Harrah's Cherokee Mountains Casino has moved to dismiss under Rule 12(b)(4), alleging that the service of the Complaint and Summons against it is insufficient inasmuch as there is no legal entity named "Harrah's Cherokee Mountains Casino." Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered.

> [T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.

Light v. Wolf, 816 F.2d 746, 751 (D.C.Cir.1987) (internal quotations omitted). Where

---

[1]  This action was filed on February 26, 2010.

[2]  Defendants have not challenged diversity jurisdiction.

the procedural requirements of sufficient process and service of process are not satisfied, a court lacks power to assert personal jurisdiction over a defendant. Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C.Cir.2002). Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate. Dimet Proprietary, Limited v. Industrial Metal Protectives, 109 F.Supp. 472 (D. Del. 1952). No affidavit has been submitted.

The Court of Appeals for the Fourth Circuit has long held that failure to properly name a corporate defendant is a fatal defect, because a corporation has the right "to be accurately named in process and pleadings of the court . . . ." United States v. A. H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947). Thus, it appears that the named defendant, Harrah's Cherokee Mountains Casino, is entitled to the relief it seeks as a matter of well-settled law.

**II.    Rule 12(b)(6): Harrah's Cherokee Mountains Casino's and the Eastern Band of Cherokee Indians' Motion to Dismiss Based on Failure to State a Claim Against Them**

Defendants have asserted a number of additional motions to dismiss captioned respectively as being made under Rule 12(b)(6) (in which defendants contend that "immune from lawsuits"), "sovereign immunity," and exhaustion of tribal remedies. See Motion to Dismiss, 2nd, 3rd, and 4th Defenses.[3] The court will consolidate this discussion as all such defenses touch on the immunity enjoyed by the Tribe and tribal

---

[3] As discussed below, while "defendants" have moved to dismiss for various reasons, no rationale has been provided as to why defendant Harrah's NC Casino Co., LLC should be dismissed.

-3-

corporations. In substance, defendants Harrah's Cherokee Mountains Casino and the Eastern Band of Cherokee Indians (hereinafter "EBCI") move to dismiss the Complaint against them.[4] ECBI, a federally recognized Indian tribe, asserts that it is immune from suits brought by individuals in federal and state courts.[5]

While defendants have invoked Rule 12(b)(6) as the basis for their tribal immunity motions to dismiss, the undersigned believes that such a motion is better considered under Rule 12(b)(1).[6] Indeed, the court could find no cases where sovereign immunity was considered under Rule 12(b)(6), but did find numerous cases where such was considered under Rule 12(b)(1).

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter

---

[4] The non-existent casino defendant, Harrah's Cherokee Smokey Mountains Casino, asserts that it is owned by defendant TCGE, which also enjoys tribal immunity from suit in this court.

[5] Defendants contend that the TCGE enjoys the "right of the Tribe to exercise tribal sovereign immunity . . . ." Docket Entry # 11, at p. 2. Defendants fail to compete the loop by alleging that the TCGE is owned by the EBCI or that it is a tribal entity. The court has read, however, Section 16A-1(a) of the Cherokee Code, which provides that "the Tribal Council hereby creates this Tribal enterprise [TCGE] . . . ." Cherokee Code § 16A-1(a) (EBCI Feb. 10, 2009) (http://www.narf.org/nill/Codes/ebcicode/index.htm). The court takes judicial notice of such code provision as to the creation and tribal status of the TCGE.

[6] The undersigned believes that defendants have inadvertently invoked Rule 12(b)(6) when Rule 12(b)(1) appears to provide the appropriate mechanism for dismissal. If dismissal were allowed under Rule 12(b)(6), such dismissal would be with prejudice as opposed to Rule 12(b)(1), which is non-prejudicial. See Fed.R.Civ.P. 41(b).

jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

Like immunities enjoyed by other sovereign governments, tribal sovereign immunity provides Indian tribes with protection from suit in state and federal courts absent express authorization by Congress or by and through clear waiver by the tribe. Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 754 (1998). Such sovereign immunity applies to the tribal commercial activity just as it applies to governmental activities. Id., at 754-55. Courts have routinely held that such immunity is enjoyed by tribal corporations, such as casinos: "as a tribal corporation and an arm of the Fort Mojave Tribe, ACE [AVI Casino Enterprises, Inc.] enjoys sovereign immunity from Cook's suit." Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718, 726 (9th Cir. 2008). Review of Cherokee Code clearly indicates that the tribal entities in this matter enjoy tribal sovereign immunity.

As to waiver of sovereign immunity, plaintiffs have not pointed to any enactment of Congress waiving the immunity enjoyed by the EBCI or by its entrepreneurial endeavors. Defendants state in their brief that the TCGE "waives sovereign immunity involving tort claims against the Tribe where the Tribe maintains insurance for such claims." Memorandum in Support, at p. 2. In support of such proposition, defendants cite Section 1-2(g) of the Cherokee Code, which provides, as follows:

> (g) The Cherokee Court of Indian Offenses or any successor Cherokee Court shall exercise jurisdiction over actions against the Eastern Band of Cherokee Indians seeking the following relief:
> (1) An injunction, writ of mandamus or a declaratory judgment concerning individual rights guaranteed by the Indian Civil Rights Act;
> (2) Damages for condemnation by the Tribe; [and]
> (3) *Damages for tort claims where the Tribe maintains insurance coverage for such claims, with recovery not to exceed the amount of liability coverage maintained by the Tribe.*

See Cherokee Code § 1-2(g) (EBCI Feb. 10, 2009)(emphasis added). Thus, the ECBI and TCGE have waived sovereign immunity to the extent they have liability insurance; however, such waiver specifically provides that the Cherokee Court of Indian Offenses (or its successor) shall exercise jurisdiction over such claims.

> Moreover, a state sovereign prescribes the terms and conditions on which it consents to be sued in its own courts, *Beers v. Arkansas*, 20 How. 527, 529, 15 L.Ed. 991, and only the sovereign's consent can qualify the absolute character of its immunity from suit in those courts, *Nevada v. Hall*, 440 U.S. 410, 414, 99 S.Ct. 1182, 59 L.Ed.2d 416.

Raygor v. Regents of University of Minnesota, 534 U.S. 533, 534 (2002). Thus, it appears that these defendants have waived sovereign immunity, but only to the extent they have secured liability insurance and only to the extent they are sued in tribal court. Plaintiffs have failed to interpose any objection or cite the court to contrary authority, thus it appears that this court lacks jurisdiction over the subject matter of this law suit. The undersigned will, therefore, recommend that all claims asserted against these tribal defendants be dismissed without prejudice for lack of subject matter jurisdiction.

**III. Lack of a Motion by Defendant Harrah's NC Casino Co., LLC**

Review of the pleadings reveals that all defendants are represented by the same attorney. See Docket Entry # 4. While "defendants" have jointly filed the Answer and the Motion to Dismiss, no mention is made in the First through Fourth Defenses (or the memorandum in support thereof) as to why the action asserted against defendant Harrah's NC Casino Co., LLC should be dismissed. Indeed, plaintiffs alleged that Harrah's NC Casino Co., LLC is a North Carolina "corporation" with its principal place of business being in Las Vegas, Nevada, Compl., at ¶ 5, which defendants have admitted. Answer, at ¶ 5.[7] Defendants have failed to explain how they believe a non-tribal, North Carolina limited liability corporation enjoys tribal sovereign immunity or for what other reasons it is entitled to be dismissed from this lawsuit.

## RECOMMENDATION

**IT IS, THEREFORE, RECOMMENDED** that

(1) as to the tribal defendants The Eastern Band of Cherokee Indians and Tribal Casino Gaming Enterprise this action be **DISMISSED** without prejudice for lack of subject matter jurisdiction;

(2) that all claims against Harrah's Cherokee Mountains Casino be **DISMISSED** with prejudice as such is a non entity; and that

(3) all claims against defendant Harrah's NC Casino Co., LLC, go forward, and that to the extent such defendant has moved to dismiss the

---

[7] The court notes that no allegations were made in the Complaint as to residences of each and every member of the defendant LLC in this diversity action. See Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990)

Complaint, that such motion be **DENIED** inasmuch as such defendant has failed to show how it enjoys tribal sovereign immunity, that plaintiffs have failed to state a claim against it, or that this court lacks subject matter jurisdiction over the claims asserted against it.

### Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: April 30, 2010

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge