**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION**

**CIVIL CASE NO. 2:10cv08**

| | | |
|---|---|---|
| **BETTY MADEWELL AND EDWARD L. MADEWELL,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **O R D E R** |
| **HARRAH'S CHEROKEE SMOKEY MOUNTAINS CASINO; TRIBAL CASINO GAMING ENTERPRISE; HARRAH'S NC CASINO CO., LLC; and THE EASTERN BAND OF CHEROKEE INDIANS,** | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss and Motion to Stay or Remove [Doc. 10]; the Memorandum and Recommendation [Doc. 15] of the Honorable Dennis L. Howell, United States Magistrate Judge, regarding the disposition of that motion; and the Defendants' Objection to the Memorandum and Recommendation and Motion for Reconsideration [Doc. 16].

# I. PROCEDURAL BACKGROUND

On February 26, 2010, the Plaintiffs Betty Madewell and Edward L. Madewell filed this diversity action against the Defendants Harrah's Cherokee Smokey Mountains Casino, Tribal Casino Gaming Enterprise ("TCGE"), Harrah's NC Casino Co., LLC ("Harrah's NC Casino"), and the Eastern Band of Cherokee Indians ("EBCI" or the "Tribe"), seeking damages in excess of $75,000 for personal injuries sustained when Mrs. Madewell tripped and fell while visiting the Harrah's Cherokee Smokey Mountains Casino & Hotel in Cherokee, North Carolina. [Doc. 1].

It is alleged in the Complaint that the EBCI, through the TCGE, owns and operates the Casino. [Id. at ¶13]. It is further alleged that Harrah's NC Casino has contracted with the EBCI to manage the Casino. [Id. at ¶14]. The Plaintiffs alleges, and the Defendants so admit, that Harrah's NC Casino is a "corporation" organized under the laws of the State of North Carolina. [Doc. 1 at ¶5; Doc. 12 at ¶5]. The Plaintiffs allege that they are residents of Tennessee. [Doc. 1 at ¶1].

After receiving an extension of time to answer or otherwise respond to the Complaint, the Defendants filed a Motion to Dismiss and Motion to

Stay or Remove. [Doc. 10]. The Plaintiffs did not file a response to the Defendants' Motion.

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of this Court, Judge Howell was designated to consider the Defendants' Motion and to submit to this Court a recommendation for the disposition thereof. On May 3, 2010, Judge Howell entered a Memorandum and Recommendation [Doc. 15], recommending that all claims against the EBCI and TCGE be dismissed without prejudice on the grounds of tribal sovereign immunity; that all claims against Harrah's Cherokee Smokey Mountains Casino be dismissed with prejudice, as such party is a non-existent entity; and that all claims against Harrah's NC Casino go forward, as the Defendants had failed to show any grounds for dismissal of the claims asserted against this Defendant.

The Defendants now object to that part of the Magistrate Judge's Recommendation related to Harrah's NC Casino and move for reconsideration of the same. [Docs. 16, 17]. The Plaintiffs have filed a Reply to the Defendants' Objection and Motion for Reconsideration. [Doc. 20]. These issues having been fully briefed, this matter is now ripe for disposition.

## II.    STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised.  Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985).  Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).


## III.    DISCUSSION

In recommending the denial of the Defendants' Motion to Dismiss with respect to Harrah's NC Casino, the Magistrate Judge reasoned as follows:

> Review of the pleadings reveals that all defendants are represented by the same attorney.  See Docket Entry #4.  While "defendants" have jointly filed the Answer and the Motion to Dismiss, no mention is

4

made in the First through Fourth Defenses (or the memorandum in support thereof) as to why the action asserted against defendant Harrah's NC Casino Co., LLC should be dismissed. Indeed, plaintiffs alleged that Harrah's NC Casino Co., LLC is a North Carolina "corporation" with its principal place of business being in Las Vegas, Nevada, Compl., at ¶5, which defendants have admitted. Answer, at ¶5. Defendants have failed to explain how they believe a non-tribal, North Carolina limited liability corporation enjoys tribal sovereign immunity or for what other reasons it is entitled to be dismissed from this lawsuit.

[Doc. 15 at 8 (footnoted omitted)].

In their Objection, the Defendants candidly admit that "they did not clearly move to dismiss the claims against Harrah's NC Casino Company, LLC, nor did they adequately state their grounds." [Doc. 16 at 1]. Nevertheless, the Defendants move the Court to "reconsider" their request to dismiss the pending claims against Harrah's NC Casino Company, LLC without prejudice for lack of subject matter jurisdiction. For grounds, the Defendants now contend that the exercise of jurisdiction by this Court over the Plaintiffs' claims against Harrah's NC Casino would infringe upon the political integrity of the EBCI and the TCGE and would unduly threaten the Tribe's right to self-governance. The Defendants further contend that justice would be best served by joining all of the parties in one proceeding before the Cherokee Court. [Doc. 16].

At the outset, the Court notes that the Magistrate Judge was completely correct in recommending the denial of the Defendants' Motion to Dismiss with regard to Harrah's NC Casino, as the Defendants admittedly did not clearly move for dismissal or state any grounds for dismissal of this Defendant. To the extent that the Defendants now assert grounds for dismissal of this Defendant, the Court in its discretion will consider the Defendants' arguments in support of dismissal based upon a lack of subject matter jurisdiction.[1]

The Court clearly has subject matter jurisdiction over the Plaintiffs' claims against Harrah's NC Casino. It has been alleged that the parties are citizens of different States, and the Plaintiffs seek damages in excess of $75,000. [See Doc. 1]. Accordingly, there is a basis for the exercise of diversity jurisdiction by this Court. See 28 U.S.C. § 1332(a)(1).

While this Court clearly may exercise jurisdiction over these claims, it appears that the Cherokee Court may have concurrent jurisdiction over these claims as well. Although the Plaintiffs' claims against Harrah's NC

---

[1] The Defendants improperly combined their Motion for Reconsideration with their Objection, in contravention of Local Rule 7.1(C)(2), which prohibits the inclusion of motions in responsive briefs and requires each motion to be set forth in a separately filed pleading. Rather than striking the motion and requiring the Defendants to refile the same in compliance with the Local Rules, the Court will, in the interests of judicial economy, entertain the Defendants' improperly filed motion.

Casino involve only non-Indian parties, the events which gave rise to these claims occurred on tribal property.  The Supreme Court has long recognized the rights of Indian tribes to exercise civil jurisdiction over the conduct of non-Indians on tribal lands "when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe."  Montana v. United States, 450 U.S. 544, 566, 181 S.Ct. 1245, 67 L.Ed.2d 493 (1981).  Where a tribe possesses authority to regulate the activities of nonmembers, "[c]ivil jurisdiction over [disputes arising out of] such activities presumptively lies in the tribal courts unless affirmatively limited by a specific treaty provision or federal statute . . . ."  Strate v. A-1 Contractors, 520 U.S. 438, 453, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997) (quoting Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 18, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987)).

When there is a "colorable question" as to whether a tribal court has subject matter jurisdiction over a civil action, a federal court should stay or dismiss the action so as to "permit a tribal court to determine in the first instance whether it has the power to exercise subject matter jurisdiction."  Stock West Corp. v. Taylor, 964 F.2d 912, 919 (9th Cir. 1992) (citing Nat'l Farmers Union Ins. Companies v. Crow Tribe, 471 U.S. 845, 105 S.Ct.

2447, 85 L.Ed.2d 818 (1985)).  This "tribal exhaustion doctrine" is not

jurisdictional in nature, but rather is a matter of comity.  See Ninigret Dev.

Corp. v. Narragansett Indian Wetuomock Housing Auth., 207 F.3d 21, 31-

32 (1st Cir. 2000).  The exhaustion rule is applicable regardless of whether

an action is currently pending in tribal court.  United States v. Tsosie, 92

F.3d 1037, 1041 (10th Cir. 1996); Fidelity and Guar. Ins. Co. v. Bradley,

212 F.Supp.2d 163, 167 (W.D.N.C. 2002).

In the present case, it is alleged that the Tribe owns and operates the

Casino and has contracted with Harrah's NC Casino to manage the facility.

The operation and management of the Casino clearly implicates the

economic interests and welfare of the Tribe.  See Jaramillo v. Harrah's

Entertainment, Inc., No. 09 CV 2559 JM (POR), 2010 WL 653733, at *2

(S.D. Cal. Feb. 16, 2010).  As such, the Plaintiffs' claims against Harrah's

NC Casino raise at least a "colorable question" of tribal jurisdiction.

For these reasons, the Court concludes that the Tribal Court should

first entertain this dispute so that it may determine whether it has the power

to exercise subject matter jurisdiction over the Plaintiffs' claims against

Harrah's NC Casino Co., LLC.

**IV. CONCLUSION**

Upon conducting a *de novo* review of the Magistrate Judge's Memorandum and Recommendation [Doc. 15], the Defendants' Objection and Motion for Reconsideration [Doc. 16], and all other relevant pleadings, the Court concludes that the Magistrate Judge's proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby **ACCEPTS** the Magistrate Judge's Recommendation that the Defendants' Motion to Dismiss be granted as to the Defendants Harrah's Cherokee Smokey Mountains Casino, Tribal Casino Gaming Enterprise, and the Eastern Band of Cherokee Indians. Upon reconsideration of the Motion to Dismiss with respect to the Defendant Harrah's NC Casino Co., LLC, the Court further concludes that this Defendant should be dismissed without prejudice as a matter of comity.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss and Motion to Stay or Remove [Doc. 10] is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** as to the Eastern Band of Cherokee Indians and Tribal Casino Gaming Enterprise for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all claims against Harrah's Cherokee Mountains Casino are **DISMISSED WITH PREJUDICE**, as such is a non-existent entity.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Reconsideration [Doc. 16] is **ALLOWED**, and the Defendant Harrah's NC Casino Co., LLC is hereby **DISMISSED WITHOUT PREJUDICE** as a matter of comity.

**IT IS SO ORDERED**.

Signed: June 18, 2010

Martin Reidinger
United States District Judge